O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

DEC - 8 2009

CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA MAXWELL, | Case No. EDCV 09-308 RNB |
| Plaintiff, | |
| vs. | ORDER AFFIRMING DECISION OF COMMISSIONER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

The Court now rules as follows with respect to the four disputed issues listed in the Joint Stipulation.[1]

As to Disputed Issue No. 1, the Court finds and concludes that reversal is not warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to properly consider the "opinion" reflected in Dr. Peterson's March 18, 2008 Narrative

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1  Report. (See AR 232). In the first place, it appears from the ALJ's citations to
2  Exhibits 9F/2 and 10F/18 that, when the ALJ was referring to Dr. Peterson's March
3  31, 2008 report, he was referring to the same Narrative Report that plaintiff contends
4  the ALJ did not properly consider. Second, the Court does not construe the ALJ's
5  discussion of Dr. Peterson's reports as a rejection of Dr. Peterson's opinion(s) that
6  implicates the "treating physician rule." The Court concurs with the ALJ's
7  characterization of Dr. Peterson's reports as evidencing that plaintiff's mental status
8  examination was completely normal when plaintiff was adhering to her medications,
9  and that plaintiff showed increased mental symptoms when she was non-compliant
10 with her medications. (See AR 17-18, 232, 250, 251).

11      As to Disputed Issue No. 2, the Court concurs with the Commissioner that, even
12 if the ALJ erred in failing to address the statements in the Function Report completed
13 by plaintiff's daughter (see AR 126-28), the error was harmless because the daughter's
14 statements were generally consistent with plaintiff's own testimony and written
15 evidence, and the ALJ's rationale for finding plaintiff not fully credible (which
16 plaintiff does not challenge) would have applied with equal force to the daughter's
17 statements. See Stout v. Commissioner of Social Security, 454 F.3d 1050, 1055 (9th
18 Cir. 2006) (an ALJ's error is harmless where such error is inconsequential to the
19 ultimate non-disability determination); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir.
20 2005) ("A decision of the ALJ will not be reversed for errors that are harmless.");
21 Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to
22 review of administrative decisions regarding disability).

23      As to Disputed Issue No. 3, for the reasons stated by the Commissioner (see Jt
24 Stip at 13-14), the Court finds and concludes that reversal is not warranted based on
25 the ALJ's alleged failure to properly consider the type, dosage, and side effects of
26 plaintiff's prescribed medications. Medication side effects must be medically
27 documented in order to be considered. See Miller v. Heckler, 770 F.2d 845, 849
28 (1985). Thus, the instances cited by plaintiff in the Joint Stipulation of plaintiff

reporting side effects in her Disability Report and hearing testimony (see AR 152, 308) did not need to be considered.

      Finally, as to Disputed Issue No. 4, it follows from the Court's rejection of plaintiff's contentions with respect to the other disputed issues that reversal is not warranted based on the alleged failure of the ALJ to make a proper vocational determination. Hypothetical questions posed to a vocational expert need not include all alleged limitations, but rather only those limitations substantiated by the evidence of record that the ALJ finds to exist. See, e.g., Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001); Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989); Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). Here, plaintiff is not contending that the hypothetical posed to the vocational expert upon which the ALJ relied for purposes of his vocational determination comported with the limitations substantiated by the evidence of record that the ALJ found to exist. (See AR 15-16, 328-29).

                    ******************

      IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: December 7, 2009

/s/ Robert N. Block
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE